## Snyder v. Ebaugh

*Daniel W. Shoemaker,* for plaintiff.
*Raymond R. Smith,* for defendant.

SHADLE, J., September 24, 1971.—Plaintiff sued defendants in assumpsit before a justice of the peace, who entered a judgment in favor of plaintiff and against defendants for $50. Thereafter, plaintiff filed a complaint in assumpsit against defendants in this court to the above number and term, seeking to recover $295 and $10 costs of suit before the justice. Defendants filed preliminary objections to the complaint, in effect raising the defense of res judicata, claiming that the instant suit was upon the same cause of action as that adjudicated by the justice. Plaintiff by his brief has replied that the present action is not a new one but an appeal by him from the judgment of the justice in the action before the latter. Neither party has referred to the fact that under Pennsylvania Rule of Civil Procedure 1030, such an affirmative defense must be raised by new matter in an answer.

We accept these representations outside the record by the parties at their face value. Under the unfortunate provisions of the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), 42 PS §3001, et seq., plaintiff's procedure appears to be correct. Section 5(b) of that act, 42 PS §3005, provides that "The appeal shall be taken . . . by filing with the prothonotary of the common pleas court, a notice of appeal which . . . (i) if the plaintiff before the minor judiciary court is the appellant, shall be in the form of a complaint . . ."

Since plaintiff's intention was to appeal from what he considered to be an inadequate judgment in his favor by the justice, he proceeded properly under the act merely by filing a complaint herein. The act overlooks the problem of how such a proceeding is to be distinguished from a new action otherwise foreclosed by the principle of res judicata. Fortunately, we shall be relieved of this unwise procedure on October 1, 1971, by Pa. R. C. P. J. P. No. 1081(26), which suspends this provision as of that date, and substitutes for it Pa. R. C. P. J. P. No. 1002, which provides for filing and service of a notice of appeal prior to the claimant filing a complaint.

Neither party having addressed the question of whether, upon appeal, plaintiff may claim an amount larger than that which he sued for before the Justice, we likewise shall ignore this issue.

### ORDER

And now, September 24, 1971, defendants' preliminary objection to plaintiff's complaint is overruled, with leave to file an answer upon the merits within 20 days from this date. An exception is noted for defendants.